IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DANNY WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CV 122-134 |
| TIMOTHY WARD; ADAM GREENE; | ) |
| SHERIFF RICHARD ROUNDTREE; | ) |
| JOHN REGAN; BRIAN KEMP; PASHION | ) |
| CHAMBERS; JERRALD WILLIAMS; | ) |
| and JUDGE EDWARD JOHN FLYTHE, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Central State Prison in Macon, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

I.  **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three actions or appeals that were dismissed as frivolous or for failure to state a claim and count as strikes:

1) Williams v. Barrow, No. 5:11-CV-431 MTT, 2013 WL 256753, at *2 (M.D. Ga. Jan. 23, 2013), *aff'd*, 559 F. App'x 979 (11th Cir. 2014) (granting motion to dismiss for failure to exhaust administrative remedies);
2) Williams v. Walker, No. 5:12-CV-056-MTT-CHW (M.D. Ga. Mar. 23, 2012) (dismissing complaint at screening for failure to state a claim); and
3) Williams v. Donald, No. 05-15803-F (11th Cir. 2006) (denying IFP and dismissing appeal as frivolous).

Denial of the appeal in Donald counts as a strike. See Daker v. Jackson, 942 F.3d 1252, 1256 (11th Cir. 2019) (explaining denial of appeal as frivolous constitutes strike); Howard v. Kraus, No. 13-10268, 2016 WL 11770332, at *2 (11th Cir. Feb. 8, 2016) (same). Furthermore, the District Court order under appeal in Donald granted a motion for summary judgment for failure to exhaust administrative remedies, and dismissal for failure to exhaust at the summary

judgment stage also constitutes a strike under the PLRA. Williams v. Wetherington, No. 1:02 CV 126 WLS, 2005 WL 2293565, at *5 (M.D. Ga. Aug. 2, 2005); Wells v. Philbin, No. CV 120-097, 2020 WL 7491360, at *1 (S.D. Ga. Dec. 18, 2020), aff'd sub nom. Wells v. Warden, No. 21-10550, 2021 WL 5706990 (11th Cir. Dec. 2, 2021), reh'g en banc granted, opinion vacated, 30 F.4th 1333 (11th Cir. 2022); see also Williams v. Brown, 347 F. App'x 429, 432 (11th Cir. 2009) (hinting Wetherington might constitute a strike).

Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

**B.      Plaintiff Does Not Qualify for the Imminent Danger Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). While Plaintiff asserts he is in "imminent danger of serious physical injury and/or death," his allegations do not qualify him for the imminent danger exception. (Doc. no. 1, p. 6.) Plaintiff's lawsuit chiefly focuses on his criminal rights, making allegations of indictment errors, conspiracies, prosecutorial misconduct, speedy trial violations, and other violations of his rights pertaining to ongoing prosecutions against him, his son, and his wife. (See generally id. at 7-19.) None of these allegations show he is in imminent danger of serious physical injury so as to be exempted from the three strikes rule.

Plaintiff does allege he was assaulted and robbed by gang members at an unknown point in the past but does not detail or offer evidence of any present threat or danger. (Id. at 13); see Odum v. Bryan Cnty, Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1

3

(S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is *imminent*). Plaintiff also argues he and his wife generally face danger from gang violence while incarcerated. (Doc. no. 1, pp. 7, 13, 16.) However, "[i]n the [prison] setting, a risk of harm to some degree always exists by the nature of its being a [prison]." Purcell *ex rel.* Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005). Plaintiff's anxiety and distress over life in prison are not alone enough to satisfy the imminent danger exception. See Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (rejecting general claims of stress, anxiety, depression, and further deterioration of life as insufficient to satisfy imminent danger exception). For these reasons, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III.   CONCLUSION

In summary, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 31st day of October, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA