IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DANNY WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV 122-134 |
| TIMOTHY WARD; ADAM GREENE; | ) |
| SHERIFF RICHARD ROUNDTREE; | ) |
| JOHN REGAN; BRIAN KEMP; PASHION | ) |
| CHAMBERS; JERRALD WILLIAMS; | ) |
| and JUDGE EDWARD JOHN FLYTHE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After no objections were received by the November 17, 2022 deadline, the Court dismissed this case on November 23, 2022. (Doc. nos. 5-6.) On November 28, 2022, the Court received an objection from Plaintiff signed and dated November 16, 2022. (Doc. no. 7.) Although Plaintiff's objection did not reach the Court by the objection deadline, using Plaintiff's signature date and granting him the benefit of the "mailbox rule," the Court accepts the objection. See Houston v. Lack, 487 U.S. 266, 276 (1988) (deeming prisoner document filed on the date of delivery to prison officials for mailing); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary . . . we assume that a prisoner's motion was delivered to prison authorities on the day he signed it.").

The Court dismissed Plaintiff's complaint pursuant to the three-strikes provision of the Prison Litigation Reform Act because three prior actions or appeals were dismissed as frivolous or for failure to state a claim. Plaintiff admits bringing Williams v. Barrow, No. 5:11-CV-431 MTT, 2013 WL 256753 (M.D. Ga. Jan. 23, 2013), but states the District Court's dismissal was reversed by the Eleventh Circuit. (Doc. no. 7, p. 2.) On the contrary, the Eleventh Circuit affirmed the dismissal. Williams v. Barrow, 559 F. App'x 979, 988 (11th Cir. 2014),

Plaintiff next argues Williams v. Walker, No. 5:12-CV-056-MTT-CHW (M.D. Ga. Mar. 23, 2012) and Williams v. Donald, No. 05-15803-F (11th Cir. Feb. 22, 2006) "do not appear to be" his cases, but in the same paragraph admits to a similarly styled lawsuit and related appeal, which Plaintiff claims he won. (Doc. no. 7, p. 2.) In fact, both cases are Plaintiff's, and Walker was dismissed in 2012 for "failure to state a claim . . . ." Walker, No. 5:12-CV-056-MTT-CHW, doc. no. 5, p. 11. The appeal in Donald from 2006 is unrelated to Walker and was denied as frivolous. Williams v. Wetherington, No. CV 1:02-126-WLS, doc. nos. 146, 148 (M. D. Ga, Feb. 23, 2006).

In the alternate, Plaintiff argues the grounds for dismissal of these three cases do not support a strike designation as they were not "declared a strike at the time of dismissal." (Doc. no. 7, p. 5.) A dismissing court need not actually declare a dismissal to be a "strike." See Daker v. Comm'r, Georgia Dep't of Corr., 820 F.3d 1278, 1284 (11th Cir. 2016). The Eleventh Circuit has held that all three grounds for dismissal in Plaintiff's three prior cases constitute strikes. White v. Lemma, 947 F.3d 1373, 1379 (11th Cir. 2020) ("One of [Plaintiff's] prior cases was dismissed for failure to state a claim, another was dismissed as frivolous, and a third was dismissed for failure to exhaust administrative remedies, which counts as a strike under

2

our precedent.") Therefore, Plaintiff's complaint is properly dismissed under the three-strikes provision, and the Court need not reopen the case in light of Plaintiffs objections.

SO ORDERED this 1st day of December, 2022, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA